UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON A. WATSON,<br><br>    Petitioner,<br><br>    v.<br><br>J. GASTELO,<br><br>    Respondent. | No. 2:18-cv-00986 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition on the basis that the claims for relief are not cognizable and that the petition is wholly unexhausted. Petitioner has filed an objection to the motion and respondent has filed a reply. ECF Nos. 12-13. For the reasons that follow, the undersigned recommends granting respondent's motion to dismiss.

**I.    Factual and Procedural History**

Petitioner was convicted of second degree murder by the Solano County Superior Court following a guilty plea. ECF No. 1 at 1. He was sentenced on July 8, 1988 to 15 years to life in prison. Id. On September 9, 2016, the California Board of Parole Hearings ("BPH") denied petitioner parole for a period of three years. ECF No. 1 at 16. Petitioner filed the instant federal habeas petition on April 17, 2018 challenging his sentence on the grounds that he has been held in

custody beyond the base term for second degree murder in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[1] ECF No. 1 at 22. Although petitioner presents this argument as four separate claims for relief, the court finds that they all boil down to a challenge based on the computation of the base term using the parole matrix for second-degree murder. See ECF No. 1 at 16-29. Once petitioner's good time credits are applied to this base term, his sentence would be reduced to 21 years, an amount of time he has already served. "Petitioner asserts that his [prison] term has expired over 8 years ago and he is entitled to be statutorily released." ECF No. 1 at 16.[2] ECF No. 1 at 29. He is not requesting a new parole hearing. Id.

## II. Motion to Dismiss

In a motion to dismiss filed on July 13, 2018, respondent asserts that petitioner's claims for relief are not cognizable in the pending federal habeas action because they are based on state law. ECF No. 10 at 4-6. Respondent asserts that mere errors in state law are not sufficient to establish a constitutional claim arising under the Eighth Amendment. Id. at 5-6. Alternatively, respondent contends that petitioner's federal habeas application is wholly unexhausted because the California Supreme Court "never reached the merits of Watson's claims" presented in his state habeas corpus petition. ECF No. 10 at 4.

## III. Analysis

The federal habeas corpus statute provides a remedy for violations "of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (stating that habeas relief is only available for a violation of federal law that is binding on state courts). Habeas relief is not available for violations of state law that do not implicate federal Constitutional guarantees or for errors in the interpretation or application

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule to determine the filing date of pro se prisoner's pleading).

[2] Since petitioner is seeking his immediate release from the sentence imposed by the Solano County Superior Court rather than a new parole hearing, the proper venue for this habeas challenge is the Eastern District of California. See 28 U.S.C. § 2241(d) (providing for concurrent jurisdiction in the federal district "wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him….").

of state law.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified) (stating that "[w]e accept a state court's interpretation of state law ... and alleged errors in the application of state law are not cognizable in federal habeas corpus." (internal citation omitted)); Middleton, 768 F.2d at 1085.  Here, petitioner attempts to cast his claims as a violation of the cruel and unusual punishment clause of the Eighth Amendment.  See ECF No. 1 at 4.  However, all of the cases that he cites in support of his petition are based on state law, the California Constitution, and state parole regulations.  See ECF No. 1 at 14-28.  Put simply, there is no federal constitutional requirement to be released on parole before the expiration of petitioner's valid sentence of 15- Life.  See Greenholtz v. Inmates of Nebraska Penal & Corrs. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (per curiam) (emphasizing that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.").  The application of the parole matrix to petitioner's sentence is purely a question of state law.  See In re Butler, 236 Cal. App. 4th 1222, 1228-29 (2015), rev'd, In re Butler, 4 Cal. 5th 728, 732, 734-36 (2018) (recognizing that "'base terms' no longer govern the release date of inmates subject to indeterminate sentences" based on changes in state law and refusing to require the Board of Parole Hearings to continue to calculate base terms pursuant to a prior settlement order); see also Cal. Code Regs. tit. 15, § 2403(b).  Therefore, this court lacks jurisdiction to review petitioner's claims for relief.  See Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982)).

     Accordingly, IT IS HEREBY RECOMMENDED that:

     1.     Respondent's motion to dismiss, ECF No. 10, be granted; and,

     2.     Petitioner's application for a writ of habeas corpus be dismissed with prejudice.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issue(s).  Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wats0986.157.m.docx